**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**ORLANDO DIVISION**

**UNITED STATES TALENT COMPANY,
LLC,**

**Plaintiff,**

**-vs-**                                                        **Case No.  6:05-cv-150-Orl-31KRS**

**TRANS CONTINENTAL TALENT, INC.,
LOU PEARLMAN, GREGORY
MCDONALD, and MARK TOLNER,**

**Defendants.**

_____

**ORDER**

This case came before the Court on Defendants Louis Pearlman's, Gregory McDonald's, and Mark Tolner's Motion to Dismiss (Doc. 14).  Upon a review of the Complaint (Doc. 1), however, the Court finds that Plaintiff, United States Talent Company LLC ("U.S. Talent"), has filed a pleading clearly inconsistent with Federal Rule of Civil Procedure 8.

U.S. Talent's Complaint is 85 pages long and includes a total of 21 counts against TCT and corporate officers Louis Pearlman, Mark Tolner, and Gregory McDonald.  U.S. Talent asserts, in essence, the following counts against TCT:

I        [1] a preemptive defense that U.S. Talent performed all contractual duties and that TCT, therefore, terminated the franchise agreement without good cause;

II       [2] a claim that TCT violated the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA");

III      [3] a claim that TCT violated the New York Franchise Sales Act ("NY Franchise Act");

IV     [4] a claim that TCT violated the Illinois Franchise Disclosure Act ("IL Franchise Act");

V     [5] a claim that TCT violated the California Franchise Disclosure Act ("CA Franchise Act");

IV     [6] a request to have the franchise agreement rescinded;

VI     [7] a claim that TCT breached an obligation of good faith and fair dealing in regard to the franchise agreement;

VII     [8] a claim that TCT breached the franchise agreement; and

VIII     [9] a request for declaratory judgment that TCT has the duty to pay wages, salaries, bills, and expenses related to U.S. Talent's operation of franchise locations.

In addition, U.S. Talent asserts, in essence, the following four sets of counts against Louis Pearlman, Mark Tolner, and Gregory McDonald, respectively:

IX     [10]
XIII     [14] } claims that each corporate officer violated the FDUTPA;
XVII     [18]

X     [11]
XIV     [15] } claims that each corporate officer violated the NY Franchise Act;
XVIII     [19]

XI     [12]
XV     [16] } claims that each corporate officer violated the IL Franchise Act; and
XVIII     [20]

XII     [13]
XVI     [17] } claims that each corporate officer violated the CA Franchise Act.
XIX     [21]

This overall melange of claims exhibits two unwelcome qualities in lawyering – prolixity and torrential pleading. In a stroke of linguistic justice, U.S. Talent trips over its torrent of claims in various ways. As indicated above (with bracketed numbers), perhaps U.S. Talent should avoid, so as not to bungle, the Roman numeral system. More troublesome, however, is the apparent

stream of inaccuracies generated, no doubt, by a sloppy cut-and-paste job on a word processor. For instance, in the FUDTPA counts, Gregory McDonald and Mark Tolner are both identified as "the president of the defendant and in control of its management."  (Doc. 1 ¶¶ 143, 188).  Other problems include a reference to Florida law in a count under the NY Franchise Act.  (*Id*. ¶110).

As far as the Court is willing to tell, the four above-referenced claim groupings each include three fairly identical claims, generally differing only in the name of the corporate officer and his relation to TCT.  U.S. Talent could obviously distill those twelve counts down to four. Furthermore, the Franchise Act claims appear to be identical, except in that they (mostly) cite different state laws.

Various measures of simplification are readily available.  In the NY Franchise Act counts, for instance, all three corporate officers could be listed side-by-side.  Indeed, paragraphs in two such counts (*id*. ¶¶ 99, 144) are otherwise identical to a paragraph (*id*. ¶ 189) in the third corresponding count, except that the third count does not have a subject-verb agreement problem; the first two (single-defendant) counts are drafted in the plural as if multiple corporate officers are the subject.  One might think that U.S. Talent had the Complaint arranged in a shorter, more readable, manner but opted to vex his opponent as well as this Court with no less than triple the necessary read.  It is hereby

**ORDERED** that U.S. Talent's Complaint is **DISMISSED**.  U.S. Talent shall have 20 days to file a complaint not to exceed 30 pages, unless given prior permission by this Court.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 6, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record