**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES TALENT COMPANY, LLC,**

        **Plaintiff,**

-vs-                                                    **Case No.  6:05-cv-150-Orl-31KRS**

**TRANS CONTINENTAL TALENT, INC., LOU PEARLMAN, GREGORY MCDONALD, and MARK TOLNER,**

        **Defendants.**

## ORDER

This case is before the Court on Defendants Lou Pearlman's, Gregory McDonald's, and Mark Tolner's Motion to Dismiss (Doc. 28) and Plaintiff United States Talent Company's ("U.S. Talent") Response (Doc. 32) thereto.

**I.    Background**

In December 2003, U.S. Talent entered a franchise agreement with Trans Continental Talent, Inc. ("TCT"), for U.S. Talent to operate approximately 15 talent agency locations in various states, including New York, Illinois, and California. TCT had organized an online database of talent leads for use in promoting individuals seeking employment in the modeling and entertainment industry. As part of the franchise agreement, TCT granted U.S. Talent the non-exclusive right to use TCT's service marks and online database. U.S. Talent indicates that, in essence, it was to be a marketing storefront and contact point for TCT's online database and talent employment system. In taking on that position, U.S. Talent claims to have been saddled with

various undisclosed expenses and liabilities.  Furthermore, U.S. Talent indicates that the success of its operations was dependent on TCT's continued support and continuity of business practices, that TCT failed to provide appropriate support, and that TCT acted in such a way as to undercut and take over the franchises.

In addition to asserting claims against TCT, U.S. Talent has asserted claims against Lou Pearlman, Gregory McDonald, and Mark Tolner, who are TCT officers.  In Count IV of its Amended Complaint (Doc. 23), U.S. Talent claims that the TCT officers engaged in a series of failures to disclose information in violation of the Florida Deceptive and Unfair Trade Practices Act, FLA. STAT. § 501.201 et seq. ("FDUTPA").  In Counts V-VII, asserting similar failures to disclose information, U.S. Talent claims that the TCT officers also violated the New York Franchise Sales Act, NY BUS. LAW § 680 *et seq*.; the Illinois Franchise Disclosure Act, 815 ILL. COMP. STAT. 705/1 *et seq*.; and the California Franchise Investment Act, CAL . CORP. CODE. § 31300 *et seq*.  In each of the state franchise act counts, U.S. Talent alleges that the TCT officers directly participated in wrongful practices or acts that constituted violations of the respective states' laws.  And, to tie the respective claims to each state, U.S. Talent asserts that the wrongful practices or acts related to the sale of franchises operated in the respective states.

The TCT officers have filed a Motion to Dismiss (Doc. 28), principally claiming that the Amended Complaint fails properly to state a claim under the FDUTPA and the state franchise acts.  In this regard, the motion essentially attacks the sufficiency of U.S. Talent's pleading.  The TCT officers also contend that, as a matter of law, U.S. Talent's claim for attorney's fees under the California Franchise Act is improper.

## II. Standard of Pleading and Standard of Review

Where, as here, claims are before a federal court based on diversity of citizenship, state law governs the substantive claims, but federal law governs the specificity with which to allege them. *Caster v. Hennessey*, 781 F.2d 1569, 1570 (11th Cir. 1986) (citations omitted). The general, well-established pleading requirement in federal court is notice pleading. This merely requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). No technical form of pleading is required; averments need only be "simple, concise, and direct." *Id.* 8(e).

In ruling on a motion to dismiss, a trial court must view the complaint in the light most favorable to the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED.R.CIV.P. 10(c). *See also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The court will take the complaint's allegations as admitted by the defendant and liberally will construe them in the plaintiff's favor. *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969). The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff cannot prove any set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## III. Legal Analysis

It is appropriate to reject, almost out of hand, the TCT officers' contentions concerning deficient pleading. U.S. Talent has gone to unnecessary lengths to allege a laundry list of deficiencies in the disclosures accompanying the sale of the franchises at issue. U.S. Talent has alleged, furthermore, that the TCT officers directly participated in the negotiations and resulting franchise sales that U.S. Talent identifies as violating the FDUTPA and state franchise acts. It is

inapposite whether the Court assumes, as the TCT officers argue, that the state franchise acts impress individual liability only on those "who materially aid[] in the act or transaction constituting the violation." NY BUS. LAW § 691; 815 ILL. COMP. STAT. 705/26; CAL. CORP. CODE. § 31302. U.S. Talent's allegations are clear enough and bear sufficient colorable factuality to indicate that the TCT officers personally engaged in conduct which may constitute a violation of the FDUTPA and the state franchise acts. At this preliminary stage, that is all that is required. *See* FED. R. CIV. P. 8(a), 12(b).

As to attorney's fees under the California Franchise Investment Act, however, the TCT officers' motion appears to be well founded. "Generally, a prevailing party may not recover fees after judgment in the absence of some affirmative authorization." *Unocal Corp v. United States*, 222 F.3d 528, 542 (9th Cir. 2000) (citing California law). U.S. Talent has not addressed this point. Furthermore, upon a review of the California Franchise Investment Act, the Court has been unable to discern an authorization for attorney's fees, save in one instance not relevant here. CAL. CORP. CODE § 31302.5 (regarding violation of free-association rights). It, therefore, appears appropriate to strike U.S. Talent's request for attorney's fees from Count VII of the Amended Complaint.

**IV.   Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Dismiss (Doc. 28) is **DENIED**, except that Plaintiff's attorney's fees request is stricken from Count VII of the Amended Complaint (Doc. 23).

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 3, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record